SECOND DIVISION
DECEMBER 21, 2010

1-09-0823

| | | |
|---|---|---|
| PROTEIN PARTNERS, LLP, a Colorado Limited Partnership, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| v. | ) ) | No. 08 M1 602017 |
| LINCOLN PROVISION, INC., d/b/a Chicago Gourmet Steaks, | ) ) ) | Honorable |
| Defendant-Appellant. | ) ) | Patrick J. Sherlock, Judge Presiding. |

PRESIDING JUSTICE CUNNINGHAM delivered the modified opinion of the court upon denial of petition for rehearing:

The plaintiff, Protein Partners, brought an action against the defendant, Lincoln Provision, in Ohio to recover commissions allegedly owed to Protein Partners for services it rendered in Ohio. Lincoln Provision was served with the complaint according to the rules of Ohio civil procedure. Lincoln Provision did not file an appearance, and a default judgment was entered against it in Ohio. Protein Partners subsequently registered the Ohio judgment in the circuit court of Cook County on December 23, 2008. Thirty-seven days after the registration of the Ohio judgment in Cook County, Lincoln Provision filed a motion in the circuit court of Cook County to quash Protein Partners' registration of the Ohio judgment. Lincoln Provision's motion to quash was denied by the circuit court of Cook County.

Lincoln Provision filed a timely appeal to this court and raised the following issues: (1) whether an Illinois court should quash the registration of a foreign judgment because the plaintiff in the foreign state was not registered to do business in that state as required for standing under the foreign state's law, (2) whether the Illinois Uniform Enforcement of Foreign Judgments Act (735

ILCS 5/12-650 *et seq*. (West 2008)) limits a party to registering a foreign judgment without any modification of the names of the parties as shown in the foreign judgment, and (3) whether an Ohio statute violates the due process clause of the United States Constitution because of the manner of service of process on corporations allowed by the Ohio statute.

Upon initial review of the opening briefs of the parties, this court on its own motion directed the parties to address specific jurisdictional issues by way of supplemental briefs on the following issues: (1) whether the circuit court of Cook County had jurisdiction to hear Lincoln Provision's motion to quash the registration of the Ohio judgment filed 37 days after entry of the circuit court's order, and if not, (2) whether the circuit court was revested with jurisdiction to rule on the motion to quash, (3) whether the motion to quash can be construed as a petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)), and (4) whether this court has jurisdiction to hear this appeal. Following this court's issuance of its opinion on October 19, 2010, Lincoln Provision filed a petition for rehearing which was denied and this modified opinion was issued.

For the reasons that follow, we affirm the judgment of the circuit court of Cook County which recognized the Ohio judgment upon registration of that judgment in the circuit court of Cook County by the plaintiff, Protein Partners.

BACKGROUND

The record establishes the following facts. The plaintiff-appellee, Protein Partners, LLP, a food broker, filed a lawsuit in Summit County, Ohio, in December 2007 against the defendant-appellant, Lincoln Provision, Inc., d/b/a Chicago Gourmet Steaks, to recover commissions allegedly

owed to Protein Partners for services rendered in Ohio regarding the sale of meats. The complaint was captioned, "Protein Partners v. Lincoln Provision, Inc. d/b/a Chicago Gourmet Steaks." Protein Partners' complaint recited that it was a Colorado limited liability partnership doing business in the County of Summit, State of Ohio. The complaint further stated that Lincoln Provision was, and is, an Illinois corporation that had registered an alias name of "Chicago Gourmet Steaks" with the Illinois Secretary of State.

Lincoln Provision was served with the Ohio complaint via certified mail at its company's Chicago address. The address on the envelope in which the complaint was mailed was not addressed to a specific individual and contained only the company name as the addressee, which is allowable under applicable Ohio law. The return signature card from the post office showed that someone at Lincoln Provision's office received the certified mail containing the Ohio complaint. Lincoln Provision did not appear nor respond to the Ohio lawsuit. On June 18, 2008, a default judgment for $16,603 plus interest and costs was entered against Lincoln Provision in the Ohio court where the lawsuit had been filed. The caption of the Ohio judgment order contained the names "Protein Partners" as the plaintiff and "Chicago Gourmet Steaks" as the defendant. The Ohio court ruled in favor of Protein Partners, and the body of the judgment order states that a judgment had been entered "for the Plaintiff and against the Defendant." Lincoln Provision did not pay the judgment.

On December 23, 2008, Protein Partners filed an action in the circuit court of Cook County captioned "Protein Partners, LLP" versus "Lincoln Provision, Inc. d/b/a Chicago Gourmet Steaks," in which it registered the Ohio judgment in Cook County. Notice of the filing and registration of the Ohio judgment was sent via certified mail specifically addressed to the president of Lincoln

Provision (who was also the company's registered agent), at the company's Chicago address, in accordance with the Illinois Uniform Enforcement of Foreign Judgments Act (Foreign Judgments Act) ( 735 ILCS 5/12-650 *et seq.* (West 2008)). On January 5, 2009, Protein Partners initiated two citations to discover assets of Lincoln Provision.

On January 29, 2009, which was 37 days after the Ohio judgment had been registered in Illinois, Lincoln Provision filed a "Motion to Quash and for Sanctions." In its motion, Lincoln Provision alleged that: (1) it was not served properly in the original Ohio case, and (2) the Ohio judgment was against "Chicago Gourmet Steaks," an alias of Lincoln Provision's, and therefore the judgment was not valid. Lincoln Provision requested that Protein Partners' action to register the Ohio judgment in Illinois be quashed. Protein Partners responded to Lincoln Provision's motion by alleging that: (1) Lincoln Provision was legally and admittedly served in the Ohio case; and (2) the Ohio judgment properly identified Lincoln Provision in the lawsuit.

In its subsequent "Reply in Support of Motion to Quash," Lincoln Provision alleged several issues which are summarized as follows: (1) Protein Partners was attempting to use fraud since the Ohio judgment was void *ab initio* because Protein Partners was not registered to do business in Ohio and Ohio law prohibits a foreign partnership which is not registered in Ohio from maintaining a lawsuit in Ohio courts; (2) the plaintiff "Protein Partners" does not exist and that fact was implicitly acknowledged by Protein Partners when it changed its name to "Protein Partners, LLP" in registering the Ohio judgment in Illinois; (3) the defendant named in the Ohio judgment does not exist; (4) it was impermissible for Protein Partners to attempt to modify the Ohio judgment by changing the names of the parties after the entry of the judgment by the Ohio court and before registering the

4

judgment in Illinois; and (5) although service to Lincoln Provision by certified mail was valid under Ohio law, this type of service offends Illinois law and public policy including due process and should therefore be held to be void.

Lincoln Provision's motion to quash was denied by the circuit court of Cook County on February 27, 2009, without explanation. The record on appeal does not contain a transcript of the hearing and there is no agreed stipulation of facts or a bystander's report.

On March 27, 2009, Lincoln Provision appealed the circuit court's denial of its motion to quash registration and entry of the Ohio judgment. In its initial brief on appeal, Lincoln Provision claimed that the appellate court has jurisdiction over this case pursuant to Illinois Supreme Court Rules 303 (appeals from final judgments) and 304(b)(3) (appeal from a judgment or order denying relief requested under section 2-1401 of the Code of Civil Procedure). 210 Ill. 2d Rs. 303; 304(b)(3).

On appeal, Lincoln Provision raised the following issues: (1) whether an Illinois court should quash the registration of a foreign judgment because the plaintiff in the foreign state was not registered to do business in that state as required for standing under the foreign state's law; (2) whether the Foreign Judgments Act limits a party to registering a foreign judgment without any modification of the names of the parties as shown in the foreign judgment; and (3) whether the Ohio statute violates the due process clause of the United States Constitution because it permits service of process on corporations by certified United States mail with an envelope addressed to the corporation in general, with no specific person named.

After reviewing the parties' briefs and the record, this court ordered supplemental briefing by the parties on the following issues: (1) whether the trial court had jurisdiction to hear Lincoln

Provision's motion to quash the registration and entry of the Ohio judgment filed 37 days after entry of the court's order allowing registration, and if not; (2) whether the trial court was revested with jurisdiction to rule on the motion to quash; (3) whether the motion to quash can be construed as a section 2-1401 petition; and (4) whether this court has jurisdiction to hear this appeal.

ANALYSIS

We note that the purpose of the Foreign Judgements Act is to implement the full faith and credit clause of the federal Constitution and to facilitate interstate enforcement of judgments in a jurisdiction were the judgment debtor is found. Ace Metal Fabricating Co. v. Arvid C. Walberg & Co., 135 Ill. App. 3d 452, 455, 481 N.E.2d 1066, 1069 (1985). The standard of review that applies to issues of law involving the registration of foreign judgments is *de novo.* Robillard v. Berends, 371 Ill. App. 3d 10, 14, 861 N.E.2d 1152, 1156 (2007).

This court requested that the parties address whether the circuit court of Cook County had jurisdiction to hear Lincoln Provision's motion to quash the registration and entry of the Ohio judgment. The record reveals that Protein Partners filed an action registering the Ohio judgment in Illinois on December 23, 2008. Subsequently Protein Partners issued two citations to discover assets, one to Lincoln Provision, and the other to a third-party bank. Both citations had a return date of January 29, 2009. The bank acknowledged that it held funds belonging to Lincoln Provision, and Protein Partners' motion for an order compelling the bank to turn over the funds was to be presented to the circuit court of Cook County on January 29, 2009. That same day, which was 37 days after the Ohio judgment had been filed in the circuit court of Cook County, Lincoln Provision filed its

6

appearance[1] and motion to quash registration of the Ohio judgment. Protein Partners did not object to Lincoln Provision's motion on the ground that it was untimely.

A foreign judgment filed in the circuit court of Cook County under the Foreign Judgment Act is treated as any other Illinois judgment and is subject to the same procedures and defenses as any judgment entered in the circuit court of Cook County. 735 ILCS 5/12-652(a) (West 2008). A posttrial motion, such as a motion to quash a judgment, must be filed within 30 days of the date that the judgment is entered. 735 ILCS 5/2-1203(a) (West 2008). In this case, Lincoln Provision did not file its motion to quash until 37 days after the Ohio judgment was registered and entered by the circuit court of Cook County.

Lincoln Provision argues that a judgment entered by an Illinois court can be attacked for lack of service at any time and cites State Bank of Lake Zurich v. Thill, 113 Ill. 2d 294, 497 N.E.2d 1156 (1986), for support. In that case, our supreme court held that service on the defendant was defective and noted that a party attacking a judgment for lack of personal jurisdiction due to defective service can do so at any time, in any court, either directly or collaterally. Thill, 113 Ill. 2d at 309, 497 N.E.2d at 1162. Therefore, Lincoln Provision argues, the fact that its motion to quash was filed beyond 30 days is of no consequence under these facts. Lincoln Provision misapprehends the application of Thill to the facts of this case.

Lincoln Provision admits that service in the Ohio lawsuit was valid under Ohio law, but

---

[1]There is no record of the filing of Lincoln Provision's appearance in the record on appeal, but Lincoln Provision's motion to quash states that "the defendant having filed an Appearance and a Motion to Quash."

argues that this type of service offends Illinois law and public policy as well as due process. However, we note that Lincoln Provision's argument, which relies on Thill, is not based upon defective service in the original Ohio lawsuit, since service was proper under Ohio law, the original venue of the lawsuit and judgment. Thus the Thill case is not applicable to these facts.

Another issue that we asked the parties to address was whether Lincoln Provision's motion to quash can be construed as a section 2-1401 petition. 735 ILCS 5/2-1401 (West 2008). Lincoln Provision notes that courts have consistently held that the controlling issue is the substance of a motion and the caption does not matter. It cites Schuman v. Department of Revenue, 38 Ill. 2d 571, 573, 232 N.E.2d 732, 733 (1967), and Northern Illinois Gas Co. v. Midwest Mole, Inc., 199 Ill App. 3d 109, 115, 556 N.E.2d 1276, 1280 (1990), in support of its argument. In general, the applicable requirements regarding the filing of a section 2-1401 petition is that a party may file a petition after 30 days have passed since the judgment was entered, and within 2 years of the filing of the judgment, where the moving party can show: (1) a meritorious defense; (2) due diligence in presenting the defense in the original action; and (3) due diligence in filing the section 2-1401 petition. Our courts have repeatedly held that an untimely postjudgment motion must be viewed as a section 2-1401 motion by the appellate court because it is the only vehicle that a party may use once the 30 days has expired. See Schuman v. Department of Revenue, 38 Ill. 2d 571, 573, 232 N.E.2d 732, 733 (1967).

Protein Partners admits in its brief that Lincoln Provision's motion to quash could be characterized as a section 2-1401 petition.[2] However, Protein Partners argues that the only issue that

[2]Section 2-1401 provides explicit methods of service to the nonmoving party. However, Protein Partners admits that it forfeited any objection to improper service by Lincoln Provision

the circuit court of Cook County obtained jurisdiction over was the issue of whether the Ohio judgment was void because the defendant claimed that the Ohio court did not have personal jurisdiction over the defendant.

We examine the case of Sarkissian v. Chicago Board of Education, 201 Ill. 2d 95, 776 N.E.2d 195 (2002), which both parties rely on in their briefs. In Sarkissian, our supreme court recognized that a motion to vacate a void judgment for lack of service that is filed more than 30 days after the judgment was entered is properly designated a section 2-1401 petition. An attack on a judgment on the basis of voidness may be construed as a section 2-1401 petition, and satisfaction of the time constraints or the requirement of a meritorious defense or due diligence is not necessary. Sarkissian, 201 Ill. 2d at 105, 776 N.E.2d at 202. Accordingly, we find that Lincoln Provision's motion to quash registration of the Ohio judgment was in effect a petition under section 2-1401. The denial of Lincoln Provision's motion was therefore a final and appealable order, vesting this court with jurisdiction. Review of a judgment on a section 2-1401 petition that is requesting relief based on the allegation that the judgment is void, shall be *de novo.* People v. Vincent, 226 Ill. 2d 1, 18, 871 N.E.2d 17, 28 (2007); Rockford Financial Systems, Inc. v. Borgetti, ___ Ill. App. 3d ___, ___, 932 N.E.2d 1152, 1158 (2010) (No. 2-08-1236).

Next, we examine each of the defenses Lincoln Provision invokes as grounds for defeating the Ohio judgment. The case of Doctor's Associates, Inc. v. Duree, 319 Ill. App. 3d 1032, 745 N.E.2d 1270 (2001), is instructive in our analysis regarding the grounds on which the judgment of

---

by not raising a service argument in its response to Lincoln Provision's motion. Padilla v. Vazquez, 223 Ill. App. 3d 1018, 1024, 586 N.E.2d 309, 313 (1992).

a sister state may be challenged by a judgment debtor once the judgment has been duly registered in Illinois. Collateral attacks are allowed only on the grounds that (1) the rendering court lacked subject matter or personal jurisdiction in the case, or (2) the foreign judgment was procured by extrinsic fraud, or (3) the judgment has been satisfied or otherwise released, or (4) that the defending party was denied due process of law, or any other ground that would render the judgment invalid or unenforceable. Doctor's Associates, 319 Ill. App. 3d at 1040, 745 N.E.2d at 1278.

In the case at hand, the record shows that the Ohio court had jurisdiction over Lincoln Provision because it was served according to Ohio law. Someone at Lincoln Provision's corporate offices signed for the envelope containing the summons and complaint regarding the Ohio lawsuit. There is no dispute that the judgment has not been satisfied. Thus, we turn to Lincoln Provision's argument that Protein Partners committed fraud in procuring the judgment. It is well settled that where extrinsic fraud existed in the procurement of a judgment, the court acquired only colorable jurisdiction. Doctor's Associates, 319 Ill. App. 3d at 1043, 745 N.E.2d at 1280, citing Pinnacle Arabians, Inc. v. Schmidt, 274 Ill. App. 3d 504, 510, 654 N.E.2d 262, 266 (1995). Extrinsic fraud is collateral to the issues of a case and prevents the unsuccessful party from having a fair opportunity to participate in and defend the action. This type of fraud is distinguished from intrinsic fraud, which goes to the actual merits of the case and does not preclude a party from raising a claim or defense, or being aware of and attending the proceeding. Doctor's Associates, 319 Ill. App. 3d at 1043, 745 N.E.2d at 1280.

We must determine whether Lincoln Provision has successfully pleaded extrinsic fraud to serve as a basis for its collateral attack upon the Ohio judgment. Lincoln Provision argues that the

underlying judgment is void because: (1) the Ohio judgment was void *ab initio* since Protein Partners was not registered to do business in Ohio, a requirement for initiating a lawsuit in Ohio, (2) "Protein Partners" as an entity did not exist, (3) the defendant named in the Ohio judgment, "Chicago Gourmet Steaks," did not exist, (4) Protein Partners was attempting to modify the Ohio judgment before registering it in Illinois by changing the names of the parties, and (5) although service upon Lincoln Provision by certified mail was valid under Ohio law, this type of service offends Illinois law, public policy and due process.

We first address the argument that Lincoln Provision advances that Protein Partners was not registered to do business in Ohio and that Ohio civil procedure requires a plaintiff corporation to be registered in Ohio before it can maintain a lawsuit in Ohio courts. Lincoln Provision relies on this argument in concluding that we should find the Ohio judgment void *ab initio*. We characterize this allegation as intrinsic fraud in the procurement of the Ohio judgment. As such it is a defense that Lincoln Provision can advance in an Ohio court of competent jurisdiction to defeat the judgment. It has been long held in our state that "a judgment debtor may defend against a foreign judgment sought to be enforced in an Illinois court, but not on grounds which could have been presented in the action in which the judgment was rendered." Thompson v. Safeway Enterprises, Inc., 67 Ill. App. 3d 914, 916, 385 N.E.2d 702, 705 (1978). Lincoln Provision claims that it did not have any knowledge of the Ohio lawsuit and thus could not put forth this defense in Ohio. This argument fails when analyzed in light of established case law.

Protein Partners cites Falcon v. Faulkner, 209 Ill. App. 3d 1, 567 N.E.2d 686 (1991), a case in which a judgment debtor unsuccessfully attempted to defend against a foreign judgment by raising

11

intrinsic fraud. In that case, the plaintiffs registered a Montana judgment in Illinois. The defendant attacked the judgment by arguing that the plaintiffs committed fraud on the Montana court and therefore, the Montana court had only colorable jurisdiction. Our appellate court held that the types of fraud that the defendant alleged were not extrinsic and that the defendant could have presented evidence in the Montana trial. Falcon, 209 Ill. App. 3d at 14-15, 567 N.E.2d at 695-96. Similarly in this case, Lincoln Provision could have presented and still can present its claim in an Ohio court that Protein Partners did not have standing in the original Ohio action in which the judgment was entered.

Lincoln Provision also argues that the differences among the names of the parties as shown in the caption of the original Ohio complaint, in the caption of the Ohio judgment order, in the body of the judgment order and in the lawsuit initiated in the circuit court of Cook County to register the Ohio judgment, show that Protein Partners committed fraud by attempting to modify the Ohio judgment before registering it in Cook County. Protein Partners added the designation "LLP" to its name in the lawsuit that it filed in the circuit court of Cook County when registering the Ohio judgment. The Ohio judgment showed "Protein Partners" as the plaintiff without the "LLP" designation. Also, in the Ohio lawsuit the named defendant was "Lincoln Provision, Inc. d/b/a Chicago Gourmet Steaks." The order that was entered by the Ohio court following the default judgment shows the defendant as "Chicago Gourmet Steaks." Lincoln Provision argues that the manner in which Protein Partners named the parties when it registered the Ohio judgment in the circuit court of Cook County was an outrageous attempt to modify the Ohio judgment.

Protein Partners rebuffs Lincoln Provision's argument and contrasts the facts at hand with

12

a case relied upon by Lincoln Provision, <u>Ayers Asphalt Paving, Inc. v. Allen Rose Cement & Construction Co.</u>, 109 Ill. App. 3d 520, 40 N.E.2d 907 (1982). The court in <u>Ayers</u> recognized that the judgment of a sister state is not subject to collateral attack in Illinois courts "except for the defense of fraud in the procurement of the judgment or lack of jurisdiction in the rendering court." <u>Ayers</u>, 109 Ill. App. 3d at 523, 440 N.E.2d at 909. In <u>Ayers</u>, the plaintiff filed a petition in Illinois to register an Ohio judgment wherein the defendant in the Ohio lawsuit was named "Rose Construction Company." Plaintiff changed the defendant's name in the Illinois action to "Allen Rose Cement and Construction, d/b/a Rose Construction Company" supposedly after discovering that the corporation was operating under that assumed name. The defendant denied that it was doing business under the name of "Rose Construction Company," denied that the person who accepted an alias summons was authorized to accept the summons and asserted that the party with whom the plaintiff had contracted was a sole proprietor who was never served with process in the original Ohio case. The court in <u>Ayers</u> noted that "[a] judgment *in personam* rendered against one who was not designated a party, or who was not made a party by service of process, is not entitled to full faith and credit." <u>Ayers</u>, 109 Ill. App. 3d at 523, 440 N.E.2d at 909.

The plaintiff in the <u>Ayers</u> case, relying upon the principle of misnomer of a party, claimed that the real party had been served and that to amend the Ohio judgment to show the exact name would be merely to correct a misnomer. The reviewing court, however, did not agree with this argument and ruled that the plaintiff's attempt to establish the real party in interest in the Illinois action, raised issues that exceeded the scope of proper judicial inquiry by an Illinois court under the Foreign Judgments Act. <u>Ayers</u>, 109 Ill. App. 3d at 524, 440 N.E.2d at 910. Unlike the facts and

13

the parties in <u>Ayers</u>, our reading of the pleadings and record in this case leads us to conclude that the real parties in interest were identified and served in the original Ohio case in accordance with Ohio law. Notwithstanding Lincoln Provision's hairsplitting analysis, there is no dispute that it has used the name "Chicago Gourmet Steaks" in its business dealings.

Lincoln Provision contends that Protein Partners failed to use its own legal name in filing its Ohio lawsuit. Lincoln Provision argues that because Protein Partners did not include the designation "LLP" after the words "Protein Partners," in the original Ohio lawsuit, Protein Partners was not entitled to initiate the Ohio action or to register the judgment and collect on it in Illinois. Lincoln Provision cites <u>Capital One Bank, N.A. v. Czekala</u>, 379 Ill. App. 3d 737, 884 N.E.2d 1205 (2008), in support of this argument. In that case, the defendant, Joeseph Czekala, attacked a judgment entered against "Joseph Czekala d/b/a Sealand Foods." The defendant claimed he had no knowledge of the judgment until his earnings were garnished five years after entry of the judgment. At the time of the default judgment, the defendant was the president of Sealand Foods, Inc., a corporation registered to do business in Illinois. The court characterized the defendant's petition to vacate the five-year-old default judgment as a section 2-1401 petition and held that it was timely. Further, the court found that the plaintiff had carelessly linked Czekala to a misnamed, noncorporate business. The court stated:

> "The effect of misnomer is that the party called by the wrong name
> is still subject to the court's jurisdiction after receiving notice of the
> lawsuit. ***
>
> On the other hand, the effect of a mistaken identity is that the

14

court does not acquire personal jurisdiction over the person named by mistake but served. *** This is especially true when the mistaken identity involves a nonexistent business." Czekala, 379 Ill. App. 3d at 742-43, 884 N.E.2d at 1211.

The court held that the judgment was void *ab initio* because Czekala could not do business with a company that did not exist. Czekala, 379 Ill. App. 3d at 743, 884 N.E.2d at 1212.

The court in Czekala went on to discuss misnomers and mistaken identity in complaints as articulated in Barbour v. Fred Berglund & Sons, Inc., 208 Ill. App. 3d 644, 567 N.E.2d 509 (1990):

" 'The misnomer statute applies only to correctly joined and served, but misnamed, parties. Mistaken identity occurs when the wrong person was joined and served. The intent of the plaintiff is a pivotal inquiry in the determination of whether a particular case involves misnomer or mistaken identity.' " Czekala, 379 Ill. App. 3d at 743, 884 N.E.2d at 1212, quoting, Barbour, 208 Ill. App. 3d at 648, 567 N.E.2d at 512.

In Czekala, the court determined that the plaintiff's intent was to sue the corporation, not Czekala individually. Thus, the court held that the trial court did not have jurisdiction to enter the original default judgment against Czekala alone. Czekala, 379 Ill. App. 3d at 745, 884 N.E.2d at 1213. Here, it is evident from the record and the argument of the parties that the plaintiff intended to sue Lincoln Provision, d/b/a Chicago Gourmet Steaks, the party that was served in the Ohio and Illinois actions. We, find the court's reasoning in Czekala persuasive; and accordingly, we hold that the

15

technical defects in both the plaintiff's and defendant's names during the course of the litigation are not fatal to the registration and entry of the Ohio judgment, nor can it be said that the real parties in interest are not at the table. Lincoln Provision's argument that Protein Partners committed fraud therefore fails.

Lincoln Provision further urges us to declare the Ohio judgment void because although service upon Lincoln Provision by certified mail was valid under Ohio law, this type of service offends Illinois law, public policy, and due process. Lincoln Provision admits that the manner of service regarding Ohio lawsuits, which is the basis for its objection and argument, has been declared constitutional by the Ohio Supreme Court. In Samson Sales, Inc. v. Honeywell, Inc., 66 Ohio St. 2d 290, 421 N.E.2d 522 (1981), the Ohio supreme court held that the type of service complained of by Lincoln Provision was proper and that the defendant corporation was not denied due process even though the summons and complaint apparently never reached the proper department or officer of the corporate entity. The court stated, "[t]he problem was not with the address used by the clerk of the court, but with [the defendant's] own handling of its incoming mail." Samson Sales, 66 Ohio St. 2d at 294, 421 N.E.2d at 524. The reasoning in Samson Sales has applicability to the instant case as it is undisputed that someone at Lincoln Provision's corporate offices signed for the envelope containing the summons and complaint in the original Ohio lawsuit.

Lincoln Provision acknowledges that the Ohio Supreme Court would affirm the validity of the service statute at issue in this case, but argues that "[u]nder the Supremacy Clause of the United States Constitution, the federal courts are charged with and have the ultimate word on the rights provided by the United States Constitution." In sum, most of Lincoln Provision's arguments directed

to the entry of the original Ohio judgment are or were more appropriately raised in an Ohio court. Thus, we decline Lincoln Provision's invitation to declare the subject Ohio statute unconstitutional.

Accordingly, we hold that the circuit court of Cook County did have jurisdiction to hear Lincoln Provision's motion to quash the Ohio judgment. Therefore, the circuit court's ruling on Lincoln Provision's section 2-1401 petition is deemed a final order and thus is appealable under Supreme Court Rule 304(b)(3) (210 Ill. 2d R. 304(b)(3)); Sarkissian, 201 Ill. 2d 95 at 102, 776 N.E.2d at 200), thereby vesting this court with jurisdiction. We further hold that Lincoln Provision has advanced no legally sufficient basis upon which to overturn the ruling of the circuit court of Cook County, which allowed Protein Partners to register the Ohio judgment in Illinois. For the reasons stated, we affirm the judgment of the circuit court of Cook County.

Affirmed.

KARNEZIS and CONNORS[3], JJ., concur.

_____

[3]Then Presiding Justice Theis participated in the resolution of this case. Justice Connors has substituted for Justice Theis upon the petition for rehearing and has reviewed the record, the briefs and all aspects of the facts necessary to participate in this petition for rehearing.