COSGROVE DISTRIBUTORS, INC., Plaintiff-Appellee, v. JIM HAFF *et al.*, Defendants-Appellants.

Third District No. 3—03—0097

Opinion filed October 7, 2003.

Candy Pastrnak and William E. Blais (argued), both of Pastrnak Law Firm, P.C., of Davenport, Iowa, for appellants.

Michael L. Henneberry (argued), of Michael L. Henneberry, P.C., of Princeton, for appellee.

PRESIDING JUSTICE McDADE delivered the opinion of the court:

In this appeal from the circuit court of Bureau County, the defendants below, Jim Haff and Sheila Haff, appeal an order piercing the corporate veil and making them personally liable for the corporate debts of J.A. Haff & Sons, Inc., an Illinois corporation of which they were the sole shareholders and officers. For the following reasons, we reverse.

## FACTS

The Haffs were the sole shareholders and officers of a restaurant supply wholesale business, J.A. Haff & Sons, Inc., that often purchased supplies from Cosgrove Distributors, Inc., a distributor of restaurant supplies. In April of 2002, J.A. Haff & Sons, Inc., ceased business operations. At that time, the corporation owed Cosgrove approximately $9,000. Cosgrove sued the Haffs personally for the owed amount. The

Haffs claimed that they were not responsible for debts owed by the corporate entity.

The first witness at trial was Nora Cosgrove. Ms. Cosgrove testified that she was unaware that J.A. Haff & Sons, Inc., was a corporation until the filing of the lawsuit. She testified that James Haff personally called in orders to Cosgrove and that he often came to pick up the orders himself, but she was unable to remember whether Haff paid for the orders with cash or with checks. She recollected that when she called the defendants' company, the phone was answered "J. Haff," which she assumed stood for Jim Haff. However, Cosgrove invoices entered into evidence during her testimony recorded dealings with "J.A. Haff & Sons, Inc.," and Ms. Cosgrove acknowledged that it was common practice at Cosgrove to place the corporate name and billing address at the top of Cosgrove invoices. Other documents, including invoices sent to plaintiff from the defendants and invoices and documents received from third parties, also referred to the defendants' company as J.A. Haff & Sons, Inc.

Jack Cosgrove testified that he had done business with the defendants for approximately 10 years. He stated that trucks that came to pick up orders for the defendants were labeled J.A. Haff & Sons, and that checks received for those orders were also labeled J.A. Haff & Sons. However, he testified that he believed J.A. Haff & Sons and Jim Haff to be the same. Upon questioning by the judge, he testified that J.A. Haff & Sons, Inc., did not submit a credit application to Cosgrove Industries.

James Haff testified after the close of plaintiffs' case. He stated that J.A. Haff & Sons, Inc., was a registered Illinois corporation and that he and Sheila Haff were the only shareholders. He was the president of the corporation and Sheila Haff was the secretary/treasurer. He testified that they held annual shareholder meetings and kept personal accounts separate from corporate accounts. The Haffs had never borrowed money from the corporation, nor loaned it money. On invoices and checks sent to Cosgrove from the company was the name J.A. Haff & Sons, Inc.

The court, after hearing the evidence, found that the defendants could not claim the protection of the corporate veil because they had not sufficiently notified Cosgrove that it was dealing with a corporate entity, J.A. Haff & Sons, Inc., rather than the Haffs individually. Judgment was entered in favor of the plaintiff. The defendants appeal the decision.

## ANALYSIS

■ Generally, a corporation as a legal entity exists separately from

its shareholders, directors and officers, who are not ordinarily liable for the corporation's obligations. *Jacobson v. Buffalo Rock Shooter's Supply, Inc.*, 278 Ill. App. 3d 1084, 1088, 664 N.E.2d 328, 331 (1996). For a court to pierce the corporate veil and find the shareholders liable for the corporation's obligations, two conditions must be met: (1) a unity of interest and ownership that causes the separate personalities of the corporation and the individual to no longer exist; and (2) the presence of circumstances under which adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice or promote inequitable consequences. *Jacobsen*, 278 Ill. App. 3d at 1088, 664 N.E.2d at 331. A trial court's decision whether to pierce the corporate veil should not be overturned unless it is against the manifest weight of the evidence. *Jacobson*, 278 Ill. App. 3d at 1088, 664 N.E.2d at 331.

■ Courts are reluctant to pierce the corporate veil. Therefore a party seeking to pierce the veil must make a substantial showing that the corporation is really a dummy or sham for another dominating entity. *Jacobsen*, 278 Ill. App. 3d at 1088, 664 N.E.2d at 331. Courts look at a number of factors to determine whether to pierce the veil. These factors include: inadequate capitalization; failure to issue stock; failure to observe corporate formalities; nonpayment of dividends; insolvency of the debtor corporation; nonfunctioning of the other officers or directors; absence of corporate records; commingling of funds; diversion of assets from the corporation by or to a shareholder; failure to maintain arm's-length relationships among related entities; and whether the corporation is a mere facade for the operation of the dominant shareholders. *Jacobsen*, 278 Ill. App. 3d at 1088, 664 N.E.2d at 331.

In this case the evidence does not warrant the piercing of the veil. It is undisputed that the Haffs held annual meetings, thereby maintaining corporate formalities. They did not commingle their funds with those of the corporation, did not borrow from the corporation and did not loan money to the corporation.

There is no evidence to indicate that J.A. Haff & Sons, Inc., was anything more than a properly registered corporation engaged in a course of business. The corporation had employees, customers and suppliers, and was a separate and distinct commercial enterprise. It was no more a facade for the operation of the dominant shareholders than any other small, closely held corporation. The plaintiff argues that to allow the defendants the protection of the corporation would be to sanction a fraud and allow inequitable consequences. However, there is absolutely no indication that the defendants engaged in any fraud. For these reasons, the test for piercing the corporate veil has

not been met, and the trial court's finding otherwise was against the manifest weight of the evidence.

■ Despite this, the plaintiff argues that the defendants should be estopped from asserting corporate protection because they failed to sufficiently apprise the plaintiff of the corporate status of the company. In order to invoke equitable estoppel, the asserting party must show that (1) the other party misrepresented or concealed material facts; (2) the other party knew at the time it made the misrepresentations that they were untrue; (3) the party claiming estoppel did not know that the representations were untrue when they were made and acted upon; (4) the other party intended or reasonably expected that the party claiming estoppel would act upon the representations; (5) the party claiming estoppel reasonably relied upon the representations in good faith to its detriment; and (6) the party claiming estoppel would be prejudiced by its reliance on the representations if the other party is permitted to deny the truth thereof. *Geddes v. Mill County Country Club, Inc.*, 196 Ill. 2d 302, 313–14, 751 N.E.2d 1150, 1157 (2001). The trial court's grant of relief in the form of equitable estoppel must be supported by clear and convincing evidence and should not be overturned absent an abuse of discretion. *In re Marriage of Duerr*, 250 Ill. App. 3d 232, 237, 621 N.E.2d 120, 124 (1993).

The record does not support a finding of estoppel. There is no evidence to indicate that the defendants concealed or misrepresented the fact that J.A. Haff & Sons was a corporate entity. The corporate name appeared on invoices from the company, on the check with which Cosgrove was paid, and on the delivery vehicle. Indeed, plaintiff used the Haff corporate name on its own invoices sent to document deliveries and secure payment of goods. These facts are inconsistent with the assertion that the defendants hid the corporate identity of the organization.

The fault seems to lie squarely with the plaintiff, which, despite doing business with J.A. Haff & Sons, Inc., for around a decade, failed to notice, despite clear documentary indications, that the business it dealt with was a corporation. The defendants should not be punished for the plaintiff's failure or refusal to perceive or appreciate relevant facts about the defendants' business. Because there is no evidence of concealment or misrepresentation on the part of the defendants, the trial court erred in finding that the defendants are estopped from asserting corporate protection.

## CONCLUSION

■ The trial court ruling piercing the corporate veil was against the manifest weight of the evidence. There was no evidence that the

defendants had attempted to perpetrate a fraud on the plaintiff, nor that the corporation was a dummy or sham entity. In fact, the defendants adhered to corporate formalities. Furthermore, the court's finding that the defendants were estopped from asserting corporate protection was an abuse of discretion, since there was no evidence that the defendants withheld information or misrepresented material facts. The ruling of the circuit court of Bureau County is reversed.

Reversed.

SLATER and HOLDRIDGE, JJ., concur.