No. 2--06--0236      Filed 3/6/07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 03--CF--1978 |
| MARIO NAJERA, JR., | ) ) | Honorable Mitchell L. Hoffman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Mario Najera, Jr., pleaded guilty to criminal sexual abuse (720 ILCS 5/12--15(c) (West 2002)). Defendant filed a petition pursuant to section 2--1401 of the Code of Civil Procedure (735 ILCS 5/2--1401 (West 2004)) to vacate his conviction. The trial court denied the petition and defendant appeals. Defendant contends that his conviction was void because the authorities did not comply with article 36 of the Vienna Convention on Consular Relations (Vienna Convention). Because there is generally no judicial remedy for a Vienna Convention violation, and defendant procedurally defaulted any remedy he might have had here, we affirm.

In 2003, defendant pleaded guilty to criminal sexual abuse. Pursuant to an agreement with the State, he was sentenced to probation. On November 3, 2005, he filed a section 2--1401 petition, in which he contended that the judgment of conviction was void. Defendant alleged that he is a citizen of Mexico. When he was arrested, he was not informed of his right to contact the Mexican

embassy or consul general, and the consul general was not informed of his arrest. The trial court denied the petition, in part because it was not properly verified. The trial court granted defendant leave to submit a verified petition. However, the court denied the amended petition on the merits. Defendant timely appeals.

Generally, we review the disposition of a section 2--1401 petition only for an abuse of discretion. Paul v. Gerald Adelman & Associates, Ltd., 223 Ill. 2d 85, 95 (2006). However, where, as here, the petition alleges that the underlying judgment is void, "the general rules pertaining to petitions filed under section 2--1401" do not apply, and de novo review may be appropriate. Ford Motor Credit Co. v. Sperry, 214 Ill. 2d 371, 379 (2005). Because the only issues here are purely legal ones concerning the validity of the underlying judgment, we will review those issues de novo.

Article 36(1)(b) of the Vienna Convention provides in relevant part:

"[I]f he so requests, the competent authorities of the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any other manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall also be forwarded by the said authorities without delay. The said authorities shall inform the person concerned without delay of his rights under this sub-paragraph." Vienna Convention on Consular Relations, opened for signature April 24, 1963, art. 36(1)(b), 21 U.S.T. 77, 596 U.N.T.S. 261.

In People v. Madej, 193 Ill. 2d 395 (2000), the supreme court rejected the argument that a Vienna Convention violation rendered the defendant's conviction void (Madej, 193 Ill. 2d at 401), and that the violation thus was not subject to Illinois's procedural default rules (Madej, 193 Ill. 2d

at 403-04). Defendant acknowledges <u>Madej</u>, but argues cryptically that the decision was rendered "without this specific jurisdictional issue being raised."

In <u>Madej</u>, the defendant argued that his conviction was void because officials did not comply with the Vienna Convention. In rejecting that contention, the court held as follows:

"This court has explained that an order is void if it was entered by a court that lacked jurisdiction of the parties or of the subject matter or that lacked the inherent power to make or enter the particular order involved. [Citation.] Here, the trial court clearly had jurisdiction of the parties and of the subject matter and it had the inherent power to make or enter the orders involved. Consequently, we see no basis upon which to conclude that defendant's conviction and sentence are void." <u>Madej</u>, 193 Ill. 2d at 401.

It is hard to see what jurisdictional issue was raised in <u>Madej</u> if not the one defendant raises here.

In <u>People v. Montano</u>, 365 Ill. App. 3d 195 (2006), this court held that the defendant had waived his Vienna Convention argument by not raising it at any time in the trial court. <u>Montano</u>, 365 Ill. App. 3d at 199. Moreover, we held that a new trial was not an appropriate remedy for a violation. <u>Montano</u>, 365 Ill. App. 3d at 201. We considered numerous state and federal cases that had rejected the idea that the Vienna Convention creates rights that can be enforced by an individual defendant in a judicial forum. We concluded, like the vast majority of other courts, that the only remedies for the failure of consular notification under the treaty are " 'diplomatic, political, or exist between [signatory] states under international law.' " <u>Montano</u>, 365 Ill. App. 3d at 201, quoting <u>United States v. Li</u>, 206 F.3d 56, 63 (1st Cir. 2000).

Here, defendant pleaded guilty and, accordingly, waived any issue regarding the failure to contact the consulate. See <u>People v. Peeples</u>, 155 Ill. 2d 422, 491 (1993) (guilty plea waives all

nonjurisdictional issues). His attempt to circumvent this result by claiming that his conviction is void is squarely foreclosed by Madej and by our prior opinion in Montano.

Defendant contends that the real issue is whether the Vienna Convention "will be enforced in the Illinois state courts." Invoking the supremacy clause (U.S. Const., art. VI), defendant argues that Illinois courts may not abrogate a United States treaty. Illinois courts have never questioned the validity of the Vienna Convention. The questions, however, are what remedy, if any, is available to an individual defendant for a violation and whether the existence of that remedy is subject to this State's rules of procedural default.

Defendant notes that the International Court of Justice has decreed that the Vienna Convention does provide individual, enforceable rights, that the United States had violated those rights in the case before it, and that the United States had to provide a means to vindicate the rights of the named defendants that was not subject to procedural default. Case Concerning Avena & Other Mexican Nationals (Mex. v. U.S.), 2004 I.C.J. 12 (March 31). Defendant further points out that President Bush issued a memorandum stating that the United States would abide by its obligations under the Avena judgment. See Medellin v. Dretke, 544 U.S. 660, 663, 161 L. Ed. 2d 982, 987, 125 S. Ct. 2088, 2090 (2005). From references in Medellin to the International Court of Justice judgment and the Bush memorandum, defendant argues that the Supreme Court is prepared to recognize that the Vienna Convention does provide enforceable individual rights.

While Medellin did appear to crack open the door to a recognition of enforceable individual rights under the Vienna Convention, the Court subsequently slammed the door shut in Sanchez-Llamas v. Oregon, 548 U.S. ___, ___, 165 L. Ed. 2d 557, 576-77, 126 S. Ct. 2669, 2680 (2006). Initially, we note that Medellin merely dismissed the writ of certiorari as improvidently granted. The Court noted that, four days before oral argument, one of the defendants--who were the parties to the

Avena judgment--had filed a new petition for a writ of habeas corpus based on the Bush memorandum and that the new petition provided a possible avenue for relief that would render the controversy moot. Medellin, 544 U.S. at 663-64, 161 L. Ed. 2d at 987, 125 S. Ct. at 2990. Thus, the Court explicitly left open any issues concerning a remedy for violations of the treaty's consular notification provisions.

In Sanchez-Llamas, the Court answered the questions that Medellin left open. The Court, noting that the Vienna Convention does not explicitly provide for a judicial remedy, declined to impose one on state courts. Sanchez-Llamas, 548 U.S. at ___, 165 L. Ed. 2d at 576, 126 S. Ct. at 2679-80. Moreover, the Court held that, despite the supremacy clause, an article 36 violation is subject to state procedural default rules. Sanchez-Llamas, 548 U.S. at ___, 165 L. Ed. 2d at 579-80, 126 S. Ct. at 2682-83. Further, the Court rejected the argument that it was bound to follow the International Court of Justice's interpretation that article 36 violations should not be subject to procedural default rules, noting that treaties are a form of federal law and it is the Court's "duty 'to say what the law is.' " Sanchez-Llamas, 548 U.S. at ___, 165 L. Ed. 2d at 581, 126 S. Ct. at 2684, quoting Marbury v. Madison, 5 U.S. (1 Cranch) 137, 177, 2 L. Ed. 60, 73 (1803).

Thus, defendant's argument based on the supremacy clause fails. The Supreme Court has squarely held that the treaty does not generally provide enforceable individual rights and that any remedy that might be applied in a given case is subject to state procedural default rules.

In summary, defendant's conviction is not void. The Vienna Convention does not generally provide rights enforceable by an individual defendant. To the extent that defendant might have been able to claim a judicial remedy in this case, his guilty plea waived that right. Accordingly, the trial court properly denied his section 2--1401 petition.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

HUTCHINSON and KAPALA, JJ., concur.