No. 3--07--0395

Filed February 25, 2008

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2008

| CAPITAL ONE BANK, N.A., | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH CZEKALA, | ) | No. 01–AR–745 |
| | ) | |
| Defendant-Appellant | ) | |
| | ) | |
| (FRITO LAY and AFFILIATED | ) | Honorable |
| COMPANIES, | ) | James Garrison and |
| | ) | Amy Bertani-Tomczak, |
| Third-Party Citation Respondent). | ) | Judges, Presiding. |

JUSTICE WRIGHT delivered the opinion of the court:

Plaintiff, Capital One Bank (Capital One), filed a complaint against "Joseph Czekala DBA SEALAND FOODS" and served Joseph Czekala by substitute abode service. The circuit court entered a default judgment against "Joseph Czekala, Defendant." Five years later, plaintiff issued a wage deduction notice and order naming Joseph Czekala, individually. Defendant filed a petition to vacate the default judgment and dismiss the wage deduction order. The trial court denied the petition to vacate and a subsequent motion to reconsider. Defendant appeals from the court's ruling denying the petition to vacate the default judgment and the motion to reconsider that order. We reverse and remand.

FACTS

Capital One filed a complaint against defendant "Joseph Czekala DBA SEALAND FOODS" on July 18, 2001. Prior to filing the complaint, plaintiff's attorneys sent the first collection demand letter, on law firm letterhead, to "FOODS INC SEALAND."

When the demand letter directed to the corporation did not generate payment, plaintiff's counsel filed this lawsuit naming "Joseph Czekala DBA SEALAND FOODS" as defendant. However, the affidavit attached to the complaint designated the corporation, "Sealand Foods, Inc.," as the debtor "justly" indebted to Capital One in the sum of $23,063.07 for credit card charges. The court issued an alias summons directed to "Joseph Czekala, DBA SEALAND FOODS", at 17712 Larkspur Court, Lockport, Illinois. The process server served the alias summons at this location on: "Mrs. Czekala, Wife," by substitute service. The process server also mailed a copy to "Joseph Czekala, DBA SEALAND FOODS", at the same address in a sealed envelope, postage fully prepaid, completing the substitute service. The alias summons listed the appearance date for "Joseph Czekala DBA SEALAND FOODS" as October 31, 2001.

Joseph Czekala attended the court proceedings on October 31, 2001. According to Czekala, on that date, he told the court that he had retained attorney Corsino to represent the corporation, Sealand Foods, Inc., in a bankruptcy proceeding. Corsino was not present in the courtroom. The minute order from October 31 shows the judge gave Czekala 21 days to file an appearance or answer. The common law record shows that "Joseph Czekala DBA SEALAND FOODS" did not appear personally, file an answer, or file a written appearance within 21 days of October 31. On December 5, 2001, the trial court entered a default judgment against "Joseph Czekala."

The judgment order signed by the judge reads, in part, "Judgment to enter by default in favor

2

of Capital One Bank and against Joseph Czekala." Czekala's name was handwritten twice in this judgment order with no reference to "DBA SEALAND FOODS" or "Sealand Foods, Inc." The record does not show that counsel for plaintiff presented any sworn testimony to the trial judge in support of the request for a default judgment.

Five years later, plaintiff's counsel filed an affidavit and notice for wage deduction against "Joseph Czekala." The court issued the wage deduction summons. Plaintiff served the wage deduction summons on Frito Lay and Affiliated Companies, Czekala's employer. After his employer received the wage deduction summons and affidavit for the withholding of wages, Czekala filed an "Emergency Petition to Vacate Default Judgment and Dismiss Wage Deduction" pursuant to section 2-1401 of the Code of Civil Procedure. (735 ILCS 5/2-1401 (West 2006)). Defendant attached exhibits to this petition that included an affidavit signed by Czekala.

In his affidavit, Czekala stated under oath that he did not discover the existence of the default judgment against him, individually, until his current employer received the wage deduction summons issued by the court on October 12, 2006. The affidavit also claimed Czekala believed attorney Corsino disposed of the pending case and that a judgment, if any, would be entered against the corporation. Additionally, defendant attached the original letter from Capital One approving the corporation, Sealand Foods, Inc., for a Visa "Business Platinum Card" and monthly billing statements issued to "Sealand Foods, Inc." for the Visa "Business Platinum Card" account. Czekala submitted his affidavit and additional documentation from the Illinois Secretary of State's office showing that the corporation, Sealand Foods, Inc., created on May 3, 1994, was involuntarily dissolved on October 1, 2003.

The trial court rejected defendant's petition to vacate judgment. The trial court found the

3

previous default judgment was not void, but voidable. The trial judge shared plaintiff's view that the petition was untimely. The court concluded the petition to vacate did not comply with the requirements of a section 2-1401 motion (735 ILCS 5/2-1401 (West 2006)). Accordingly, the court denied the petition without reaching the merits. On a later date, the judge also denied defendant's request to reconsider the ruling.

Defendant appeals the decision of the court which denied the original "Petition to Vacate Default Judgment" and the court's ruling denying defendant's motion to reconsider.

ANALYSIS

In support of his request to vacate the default judgment, defendant submits that the default judgment was obtained against him in his personal capacity by fraud. In essence, Czekala claims that plaintiff's failed attempt to obtain jurisdiction over the true party in interest, Sealand Foods, Inc., did not create personal jurisdiction over Czekala individually. Defendant claims the default judgment and resulting wage deduction order were improper because the underlying judgment was void for lack of personal jurisdiction and fraud. Plaintiff argues Czekala's section 2-1401 motion to vacate judgment was not timely because it was filed more than two years after the date of judgment and Czekala did not demonstrate due diligence by failing to challenge the default judgment sooner. The court found the section 2-1401 petition was not timely.

1. Timeliness of the Section 2-1401 Petition

The trial court denied the petition for relief from judgment on procedural grounds as a matter of law. Therefore, the standard of review is *de novo*. *Ford Motor Credit Co. v. Sperry*, 214 Ill. 2d 371, 379 (2005); *People v. Najera*, 371 Ill. App. 3d 1144, 1145 (2007). The case law provides that

4

a judgment, order or decree entered by a court which lacks personal jurisdiction of the parties or the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void and may be attacked at any time or in any court, either directly or collaterally. *Sawant & Co. v. Allied Programs Corp.*, 111 Ill. 2d 304, 309 (1986); *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103 (2002). Significantly, our supreme court stated an allegation that the judgment is void for lack of personal jurisdiction substitutes for and negates the need to allege a meritorious defense and due diligence. *Sarkissian*, 201 Ill. 2d at 104; see also *Sperry*, 214 Ill. 2d at 379.

In *Sarkissian*, more than seven years after the court entered a default judgment, the Chicago Board of Education filed a section 2-1401 petition on grounds that the judgment was void for lack of proper service. The supreme court found the petition was both proper and timely. *Sarkissian*, 201 Ill. 2d at 104. Like the defendant in *Sarkissian*, Czekala filed a section 2-1401 petition, more than two years after the judgment became final, on grounds that the judgment was void for lack of jurisdiction. Czekala additionally challenged this judgment on the basis of fraud. Relying on the guidance from our supreme court in *Sarkissian*, we conclude the petitioner in this case did not need to establish due diligence before challenging the default judgment for lack of jurisdiction and fraud. Accordingly, the petition was timely. Therefore, we conclude the trial judge improperly denied the section 2-1401 petition based on untimeliness.

2. Personal Jurisdiction

Defendant claims the circuit court did not obtain personal jurisdiction over him to either enter the default judgment or to proceed with supplementary proceedings to collect that judgment. Plaintiff responds that, "according to Capital One's Complaint, Czekala and Sealand Foods are one and the

same." Plaintiff's position suggests that service on either party put the other on notice of the proceedings. Plaintiff's position fails to recognize the corporate status of Sealand Foods, Inc.

The task of determining the validity of personal jurisdiction over Czekala, individually, requires the application of three separate, but intricately related, competing legal principles; namely: (1) the law applicable to misnomer and/or mistaken identity on the face of the complaint, (2) the law applicable to effective service of process, and (3) the law which recognizes the independent legal status of a properly formed corporation. Sorting out the conflicting complaint and affidavit in this case and then correctly applying the law would be difficult under any circumstances. However, the judge who denied the petition to vacate the default judgment was at a considerable disadvantage because he was not the judge who granted the default judgment. The record shows the second trial judge was also operating under difficult scheduling restraints.

Fortunately, unlike the trial court, this court has the luxury of time to study the record on review and consider the law without scheduling limitations. In the interest of judicial economy, and because the matter of personal jurisdiction may be considered by this court *sua sponte*, we elect to decide the merits of the jurisdictional challenge to both the default judgment and supplementary proceedings below. On the matter of jurisdiction, we begin our review by carefully examining the complaint in this case, together with the attached affidavit, the summons, the proof of service, and the default judgment order presented to the trial judge for signature.

In an attempt to unravel the confusing status of the case, a brief review of the pleadings may be helpful. The caption of the complaint identified both an individual and a business by linking them together with this language, "Joseph Czekala DBA SEALAND FOODS." This unverified complaint, signed by counsel, contradicted the creditor's affidavit attached to this complaint. The creditor's

6

affidavit identified only one debtor, the business, "Sealand Foods, Inc**.,**" solely, without any reference to Joseph Czekala.

## A. Misnomer/Mistake or Both

It is undisputed that Sealand Foods, Inc., was a properly registered corporation in the state of Illinois and that Czekala was the president of the corporation. The corporation was created in 1994 and had not been dissolved as of December 5, 2001, the date of default judgment. However, the registered name of the corporation, which Czekala served as president, was Sealand Foods, Inc., and not simply Sealand Foods. Therefore, the complaint appears to carelessly misname the company and then link Czekala to a misnamed, noncorporate business.

We must determine how these errors affect the circuit court's jurisdiction. The effect of misnomer is that the party called by the wrong name is still subject to the court's jurisdiction after receiving notice of the lawsuit. *Barbour v. Berglund & Sons, Inc.,* 208 Ill. App. 3d 644, 648 (1990). A complaint may be amended at any time, even after judgment enters, to correct a misnomer. 735 ILCS 5/2-401(b) (West 2006).

On the other hand, the effect of a mistaken identity is that the court does not acquire personal jurisdiction over the person named by mistake but served. *Barbour*, 208 Ill. App. 3d at 651-652. Such a judgment is void *ab initio*. *Barbour*, 208 Ill. App. 3d at 650. This is especially true when the mistaken identity involves a nonexistent business. *Tyler v. J.C. Penney Co.*, 145 Ill. App. 3d 967, 972 (1986). Based on the record, Sealand Foods is an unknown business without a relationship to either Czekala or Capital One. Therefore, a judgment against Czekala DBA SEALAND FOODS is void *ab initio* because he could not do business for a company that does not exist.

Additionally**,** assuming *arguendo***,** the complaint identified "Joseph Czekala DBA Sealand

7

Foods, Inc.," the result would not be different. A corporation is a legal entity unto itself. The corporation is separate from its shareholders, directors, and officers, who are not ordinarily liable for the corporation's obligations. *Cosgrove Distributors, Inc. v. Haff*, 343 Ill. App. 3d 426, 428-29 (2003). See also 805 ILCS 5/2.15 (West 2006). A corporation, through its corporate officers or agents, conducts its own business. No person, individually, not even the president of the corporation, "does business as" a corporation.

Further, courts are reluctant to pierce the corporate veil. *Cosgrove,* 343 Ill. App. 3d at 429. As in *Cosgrove,* this record shows that Sealand Foods, Inc. accumulated the credit card debt in the ordinary course of corporate business. The record clearly indicates the indebted holder of the credit card was the corporation, doing business on its own behalf through its president, by obtaining and using a business credit card issued in the name of Sealand Foods, Inc. _____

The court in *Barbour v. Fred Berglund & Sons, Inc.*, 208 Ill. App. 3d 644 (1990), provides a helpful discussion of misnomers and mistaken identity in a complaint.

"Courts of this state have consistently distinguished the misnomer rule from rules applicable to a mistake in identity. The misnomer statute applies only to correctly joined and served, but misnamed, parties. Mistaken identity occurs when the wrong person was joined and served. The intent of the plaintiff is a pivotal inquiry in the determination of whether a particular case involves misnomer or mistaken identity. However, the plaintiff's subjective intent as to whom he intended to sue is not controlling where the record contains objective manifestations indicating an intent to sue another." *Barbour*, 208 Ill. App. 3d at 648.

In addition to our analysis set forth above, we have also considered the "objective manifestations" of plaintiff's intent, which existed at the time the lawsuit was initiated, as the most reliable indicators

of whom counsel intended to sue. See *Proctor v. Wells Brothers Co. of New York*, 262 Ill. 77, 80-81 (1914); *Barbour*, 208 Ill. App. 3d at 648. The complaint named "Joseph Czekala DBA SEALAND FOODS." However, it is well settled that allegations in a complaint do not constitute evidence. 735 ILCS 5/2-605(a) (West 2006). We consider the affidavit attached to the complaint to be the best objective evidence of plaintiff's intent. This affidavit identified the entity "justly" indebted to plaintiff as the corporation, Sealand Foods, Inc.

When an affidavit attached as an exhibit contradicts the averments of the complaint, the allegations in the exhibit control. *McCormick v. McCormick*, 118 Ill. App. 3d 455, 460 (1983). In those cases which have held that an exhibit controls over facts alleged in the complaint, the exhibit in issue was either the instrument being sued upon, a sworn affidavit, or an official public document. *McCormick,* 118 Ill. App. 3d at 460. Also significant to this appeal is a well-established line of cases that state an affidavit should be construed as a judicial admission and is binding on the party who prepared the affidavit. *American National Bank & Trust Co. of Chicago v. Mack*, 311 Ill. App. 3d 583, 589 (2000). The creditor's admission in this case, that the debt belonged only to the corporation, Sealand Foods, Inc., is compelling objective evidence of intent to sue the business and not the individual.

Relying heavily on the fine print of the credit card application, plaintiff now claims Czekala was the targeted real party in interest because Czekala accepted personal responsibility for the debts of the corporation by signing the agreement. We have reviewed the fine print of the credit card application that plaintiff attached to its response to defendant's petition to vacate, but did not attach to the complaint. We reject plaintiff's tortured construction that Czekala was the real party in interest because of the fine print in the business credit card application. This argument is contrary to the

Illinois Uniform Commercial Code (UCC) enacted by the Illinois legislature.

The statute states:

> "If a representative signs the name of the representative to an instrument and the signature is an authorized signature of the represented person, the following rules apply:
>
> (1) If the form of the signature shows unambiguously that the signature is made on behalf of the represented person [corporation] who is identified in the instrument, the representative is not liable on the instrument." 810 ILCS 5/3-402(b)(1) (West 2006).

The application in this case shows Czekala repeatedly and carefully identified himself as an agent for the corporation in the application. Consequently, pursuant to the UCC, he could not be held legally responsible for the debt of the business. See also *Kankakee Concrete Products Corp. v. Mans*, 81 Ill. App. 3d 53, 57 (1980).

If, as plaintiff claims, the creditor desired to proceed against Czekala in his individual capacity alone, there would not be a reason to link Czekala to the business with the language "Joseph Czekala DBA SEALAND FOODS. Truthfully, if Capital One desired to proceed against Czekala individually, the complaint would have identified him as simply "Joseph Czekala," as the default judgment eventually did.

The complaint in this case, filed on July 18, 2001, preserves the objective manifestations of intent fixed in time in 2001, long before the corporation contemplated bankruptcy in October of that year or was involuntarily dissolved in 2003. Based on the record, we conclude that Sealand Foods, Inc. was the real party in interest and the party targeted by plaintiff in the complaint.

10

In sum, both misnomer and mistake appear in the complaint. Misnomer of the corporation occurred by naming "SEALAND FOODS" instead of Sealand Foods, Inc. We have also concluded Czekala was linked to the misnamed "SEALAND FOODS" by mistake, since Czekala was not the true party in interest.

### B. The Order Denying Section 2-1401 Relief

The foregoing dual errors in the drafting of the complaint defeated the jurisdiction of the circuit court to enter the default judgment against Joseph Czekala alone. Apparently accepting plaintiff's contention that Czekala and Sealand Foods "are one and the same," the judge failed to consider Sealand Foods, Inc. to be the real party in interest. However, the court rejected the notion that Czekala was named in the complaint by mistake. In his memo and order, the trial judge found that the summons in this case put Czekala on notice of the lawsuit and justified personal jurisdiction.

Contrary to the court's ruling, the summons served on a party named by mistake does not confer personal jurisdiction over that person. *Leonard v. City of Streator,* 113 Ill. App. 3d 404, 408-09 (1983). We conclude the summons in this case, served on Czekala's wife, was wholly ineffective and did not give rise to personal jurisdiction over Czekala, who was named in the complaint by mistake, or the corporation, as we discuss below. We reject the trial judge's conclusion that service on Czekala put him on notice that he would be personally responsible for the judgment involving the credit card debt associated with Sealand Foods, Inc. We reject this notion because the judgement against the corporation was also void for lack of personal jurisdiction

### C. The Corporation – Sealand Foods, Inc.

Next, we turn to the related issue which demonstrates the default judgment order was void,

11

not voidable, even against the corporation and unenforceable on every level. Voidness resulted, not only due to the dual errors on the face of the complaint, but also due to a third error that occurred with the service of process on the corporation, the true party in interest, by substitute abode service on its president. When serving a private corporation, the law provides that a copy of the summons may be left with the corporation's registered agent or any of its officers or agents within the state. 735 ILCS 5/204 (West 2000); *Cleeland v. Gilbert*, 334 Ill. App. 3d 297, 301 (2002). However, a corporation cannot be served by substitute service on a corporate agent. Similarly, a corporation may not be properly served with summons on an agent in his individual capacity, such as occurred in this case. *Cleeland,* 334 Ill. App. 3d at 301. Substitute service on a corporation can only be obtained by serving the Secretary of State. 805 ILCS 5/5.25(a) (West 2004); *3M Co. v. John J. Moroney and Co.*, 374 Ill. App. 3d 109, 111 (2007).

"A judgment rendered without service of process * * * where there has been neither a waiver of process nor a general appearance by the defendant, is void regardless of whether the defendant had actual knowledge of the proceedings." *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986). Consequently, if a corporation is not served with process, all subsequent judgments against the corporation are void because the court lacked jurisdiction to enter orders against the corporate entity. *Cleeland,* 334 Ill. App. 3d at 301.

The default judgment in the case at bar is void as to the corporation because the substitute abode service on the corporation was defective, not because of the misnomer in the complaint which referred to the corporation as simply SEALAND FOODS. The corporation did not receive proper service of process from the defective substitute abode service on Czekala's wife. This default judgment was void against Czekala, against Czekala DBA SEALAND FOODS, and against the

12

corporation, Sealand Foods, Inc.

### 3. Fraud

We are troubled by the errors in this case which are directly attributable to the law firm representing plaintiff. The record shows the name progressively evolved from "FOODS INC SEALAND" (demand letter) to Sealand Foods, Inc., (affidavit) to "Joseph Czekala DBA SEALAND FOODS" (complaint and summons) to "Joseph Czekala" alone (default judgment order, wage deduction affidavit, notice and summons) after the president of the corporation reportedly disclosed the possibility of bankruptcy to the court. Curiously, the complaint was not amended at any point in the proceedings.

The entry of a default judgment is not automatic. Plaintiff must prove proper service, jurisdiction, and a factual basis. Due to the mistake in naming Czekala, individually, the affidavit did not create a factual basis for the default judgment order that counsel presented to the court for signature.

Plaintiff's counsel attributed the variations due to the high volume electronic nature of the law firm's practice. Being too busy to be careful is not a valid excuse for the procedural difficulties apparent from this record that are attributable to the actions of counsel, not the court.

We have determined the outcome of this appeal based on the trial court's lack of personal jurisdiction to enter a default judgment against Joseph Czekala, individually. We recognize, the circuit court can examine the very serious issue of fraud "upon motion [of opposing counsel ]or upon its own initiative" 155 Ill. 2d R. 137. Therefore, we will not remand to the trial court to compel such an examination, but instead will allow those most affected by the conduct to determine whether the

13

issue should be raised in the circuit court. These are matters better addressed by opposing counsel or the trial judge in the local venue and, by taking the appropriate action, if any, to discourage similar conduct by counsel before the trial court in the future.

For the foregoing reasons, we hold the default judgment in this case was void *ab initio* against Joseph Czekala for want of personal jurisdiction. We remand this matter to the trial court and direct the circuit court to vacate the default judgment against Joseph Czekala; quash the wage deduction order and summons; and enter the orders necessary to release Joseph Czekala's wages previously withheld by his employer.

## CONCLUSION

The default judgment of the circuit court is vacated and the cause remanded for further proceedings consistent with this opinion.

LYTTON and O'BRIEN, JJ., concurring.