# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Kosydor v. American Express Centurion Services Corp.**, 2012 IL App (5th) 120110

---

| | |
|---|---|
| Appellate Court Caption | RON E. KOSYDOR, Plaintiff-Appellant, v. AMERICAN EXPRESS CENTURION SERVICES CORPORATION, AMERICAN EXPRESS BANK, F.S.B., and BAKER, MILLER, MARKOFF & KRASNY, LLC, Defendants-Appellees. |
| District & No. | Fifth District<br>Docket No. 5-12-0110 |
| Filed | November 13, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's complaint against a credit card company and the company's attorneys alleging a violation of the Consumer Fraud and Deceptive Business Practices Act was properly dismissed, since the claim against the company was barred by the *res judicata* effect of a prior judgment that prevented plaintiff from raising a defense that should have been presented in the earlier action and the Act did not apply to attorneys representing a client. |
| Decision Under Review | Appeal from the Circuit Court of Union County, No. 10-L-25; the Hon. Mark M. Boie, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Darrell Dunham, of Darrell Dunham & Associates, of Carbondale, and Timothy E. Daniels, of 51 Place Law Offices, of Elkville, for appellant.

Stephen R. Swofford, David M. Schultz, and Timothy G. Shelton, all of Hinshaw & Culbertson LLP, of Chicago, for appellees.

Panel

JUSTICE WELCH delivered the judgment of the court, with opinion.

Justices Chapman and Wexstten concurred in the judgment and opinion.

## OPINION

¶ 1    On November 12, 2010, Ron E. Kosydor filed in the circuit court of Union County a complaint against the defendants, American Express Centurion Services Corporation and American Express Bank, F.S.B. (hereinafter referred to collectively as American Express), and Baker, Miller, Markoff & Krasny, LLC (hereinafter referred to as the law firm). The complaint alleged that American Express and its law firm had violated the Illinois Consumer Fraud and Deceptive Business Practices Act (the Act) (815 ILCS 505/1 to 12 (West 2008)) by engaging in debt collection activities against the plaintiff which were malicious and fraudulent because the defendants knew that the plaintiff did not owe them any money.

¶ 2    The defendants filed a motion to dismiss the plaintiff's complaint pursuant to sections 2-619(a)(4) and (a)(9) of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2-619(a)(4), (a)(9) (West 2010)). The motion argued that the plaintiff's claim against the law firm must be dismissed pursuant to section 2-619(a)(9) of the Code because the Act does not apply to attorneys. The motion further argued that the plaintiff's claim against American Express must be dismissed pursuant to section 2-619(a)(4) of the Code because it is barred by *res judicata*. American Express had previously obtained a judgment against the plaintiff in the circuit court of Union County, and it was this judgment that American Express was attempting to collect. The defendants argue that the plaintiff's complaint is actually attacking the validity of the underlying judgment based on a defense which could have been presented in that earlier lawsuit and the action is therefore barred.

¶ 3    The plaintiff filed a response to the motion to dismiss in which he argues that the judgment obtained by the defendants against "Ron Kosydor" had actually been entered against his father, Ron *L.* Kosydor. Accordingly, there was no identity of parties between the two actions, as required for the doctrine of *res judicata* to apply, nor was there an identity of causes of action. The plaintiff further explained that the court had obtained no personal jurisdiction over the plaintiff in the original action and he had not been a party to that case. That case was against his father and the judgment was obtained against the father. Accordingly, the plaintiff argues, he is not attacking that underlying judgment, there is no identity of causes of action, and *res judicata* does not apply.

¶ 4    The plaintiff's response to the motion to dismiss further alleges that the plaintiff, Ron E.

Kosydor, resides at 3677 Milligan Hill Road, Alto Pass, Illinois. His father, Ron L. Kosydor, resides at 3805 Milligan Hill Road, Alto Pass, Illinois. The response also indicates that the plaintiff's social security number does not end in 3691 and is not the social security number listed on citations to discover assets in enforcement of the judgment. In an affidavit attached to his response, the plaintiff states that at all relevant times he has resided at 3677 Milligan Road. It asserts that the plaintiff had never applied "in my individual capacity" for any of the American Express credit cards on which the action was based and that the Ron Kosydor named in the original action was not him but his father. It asserts that the social security number listed on the citation to discover assets does not belong to him.

¶ 5    The defendants filed a reply to the plaintiff's response, and the plaintiff filed a response to the defendants' reply. We note that this plaintiff's response has a file stamp showing it was filed on March 20, 2012, long after the entry of the court's final order. However, the certificate of service shows that it was served on the defendants by mail on December 14, 2011, just two days prior to the December 16, 2011, hearing on the motion to dismiss. Attached to the response is a second affidavit of the plaintiff that was signed and notarized on November 30, 2011, again, prior to the hearing on the motion to dismiss. We conclude, then, that the pleading was properly presented to the circuit court by hand delivery at the hearing held December 16, 2011, and that it was considered by the circuit court in rendering its decision on December 19, 2011. Accordingly, we also will consider it.

¶ 6    The second affidavit of the plaintiff states that the plaintiff is the registered agent of HighRPMracer, Inc., and was served with the summons and complaint in the original action only in his capacity as registered agent of the corporate defendant. Only HighRPMracer, Inc., and the plaintiff's father, Ron L. Kosydor, were liable for any of the charges on the credit cards at issue.

¶ 7    A hearing was held on the motion to dismiss on December 16, 2011, but the hearing was not transcribed and has not been included in the record on appeal. The pertinent docket entry indicates that the court heard "statements from counsel" but does not indicate that evidence was taken.

¶ 8    On December 19, 2011, the circuit court of Union County entered an order dismissing with prejudice the plaintiff's complaint. Relying on *Cripe v. Leiter*, 184 Ill. 2d 185 (1998), the court ruled that the Act does not apply to attorneys. The court further ruled that *res judicata* did apply to bar the action against American Express. The court found that the plaintiff in the instant case was the same named defendant in the original case who had been personally served with summons in that case. Although he had been personally served with summons, he had taken no action at that time and a judgment had been entered against him. Accordingly, the court found, the parties are the same in both suits, as are the causes of action. The plaintiff could have raised as a defense in the original action what he was now arguing in response to the motion to dismiss: that the original debt had been incurred by his father and that the plaintiff had been the wrong defendant in the original suit. Accordingly, the plaintiff's complaint was dismissed with prejudice.

¶ 9    The plaintiff filed a motion for reconsideration in which, relying on *Capital One Bank, N.A. v. Czekala*, 379 Ill. App. 3d 737, 743 (2008), he argued that in a case of mistaken

identity, as opposed to mere misnomer, the court does not obtain personal jurisdiction over the person named by mistake but served, and any judgment is void *ab initio*. This motion was denied, and the plaintiff now appeals.

¶ 10    In order to resolve this dispute, we must examine the proceedings in the original action. On November 9, 2007, American Express, through the law firm, filed a verified complaint in the circuit court of Union County against "Ron Kosydor and HighRPMracer, Inc." It alleged that "Defendant Kosydor" resided at 3677 Milligan Hill Road, Alto Pass, Illinois. This was, in fact, the plaintiff's address. HighRPMracer, Inc., was an Illinois corporation of which the plaintiff was admittedly the registered agent. The debt sought to be collected was accrued on business credit cards issued to Ron Kosydor and HighRPMracer, Inc., at the plaintiff's address.

¶ 11    On November 9, 2007, summons was issued to "Ron Kosydor and HighRPMracer, Inc." at 3677 Milligan Hill Road, Alto Pass, Illinois. This summons was returned unserved. On October 30, 2008, an alias summons was issued to "Ron Kosydor" at 3677 Milligan Hill Road, Alto Pass, Illinois. This summons was served on "Ron Kosydor" at Zaks ATV Zone, Carbondale, Illinois, on January 7, 2009. There is no dispute that this Ron Kosydor was the plaintiff. The plaintiff filed no answer or other pleading responsive to the complaint.

¶ 12    On April 14, 2009, an alias summons was issued to "HighRPMracer, Inc." at 3665 Milligan Hill Road, Alto Pass, Illinois. This summons was returned unserved.

¶ 13    On May 5, 2009, the defendants mailed to Ron Kosydor at 3677 Milligan Hill Road, Alto Pass, Illinois, a notice that on July 8, 2009, they would appear in court and present a motion for a judgment against "Defendant Ron Kosydor." Still, the plaintiff took no action, and on July 24, 2009, a judgment was entered in the amount of $153,326.81, plus costs, against "Defendant, Ron Kosydor." No judgment was entered against HighRPMracer, Inc.

¶ 14    On July 17, 2009, an alias summons was issued to "HighRPMracer, Inc." at 3665 Milligan Hill Road, Alto Pass, Illinois. This summons was returned unserved.

¶ 15    On September 29, 2009, a notice of citation to discover assets was sent to US Bank, NA, in reference to judgment debtor Ron Kosydor at 3677 Milligan Hill Road, Alto Pass, Illinois. On October 19, 2009, another such notice was sent to US Bank, NA, regarding judgment debtor Ron Kosydor. This citation included what appears to be a partial social security number: xxx-xx-3691. On April 26, 2010, another citation notice was sent to First Southern Bank regarding judgment debtor "Ron Kosydor" at a different address, 3805 Milligan Hill Road, Alto Pass, Illinois. On June 1, 2010, another citation was sent to First Southern Bank identifying the judgment debtor as "Ron Kosydor, XXX-XX-3691 and HighRPMRacer, Inc."

¶ 16    On June 8, 2010, a citation notice was issued to Ron Kosydor at 3805 Milligan Hill Road, Alto Pass, Illinois. This citation was personally served on June 21, 2010, on the wife/coresident of Ron Kosydor at 3677 Milligan Hill Road, Alto Pass, Illinois.

¶ 17    On July 6, 2010, notice was sent to Ron Kosydor at 3805 Milligan Hill Road, Alto Pass, Illinois, that on August 4, 2010, American Express would present a motion for a turnover order directed to First Southern Bank to turn over certain funds it held belonging to the defendant. This order was entered on July 12, 2010. The record contains no further proceedings from the original action to collect the debt.

¶ 18     We turn back now to the case on appeal. A motion to dismiss pursuant to section 2-619 of the Code admits the legal sufficiency of a complaint but asserts affirmative matters that avoid or defeat the allegations contained in the complaint. *Corcoran-Hakala v. Dowd*, 362 Ill. App. 3d 523, 525 (2005). "A section 2-619 motion affords litigants a means of disposing of issues of law and easily proved issues of fact at the outset of a case." *Corcoran-Hakala*, 362 Ill. App. 3d at 525. The court may consider all pleadings, depositions, and affidavits available. *Cabrera v. First National Bank of Wheaton*, 324 Ill. App. 3d 85, 91 (2001). "This court reviews *de novo* the dismissal of a complaint pursuant to section 2-619." *Corcoran-Hakala*, 362 Ill. App. 3d at 525. "The relevant issues on review are whether any genuine issue of material fact exists that should have precluded judgment and, if no such issues exist, whether the movant is entitled to judgment as a matter of law." *Cabrera*, 324 Ill. App. 3d at 91.

¶ 19     We address first the issue of whether *res judicata* bars the plaintiff's action against American Express. "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action." *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996). "The doctrine prohibits not only those matters which were actually litigated and resolved in the prior suit, but also any matter which might have been raised in that suit to defeat or sustain the claim or demand." *Rein*, 172 Ill. 2d at 336. More to the point in the case at bar, the doctrine bars suits based on facts that would have constituted a counterclaim or defense in the earlier proceeding where successful prosecution of the later action would either nullify the earlier judgment or impair the rights established in the earlier action. *Cabrera*, 324 Ill. App. 3d at 92.

¶ 20     For the doctrine to apply, three requirements must be met: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there was an identity of cause of action; and (3) there was an identity of parties or their privies. *Rein*, 172 Ill. 2d at 335. The plaintiff argues that *res judicata* does not prohibit the case at bar because there is no identity of parties in the two cases because the plaintiff was not a party to the original action.

¶ 21     The plaintiff argues that if the defendants obtained a judgment in the original action, it was against his father and not against him. Relying on *Capital One Bank, N.A. v. Czekala*, 379 Ill. App. 3d 737 (2008), the plaintiff argues that he was never a party to the original action because the circuit court never acquired personal jurisdiction over him. The plaintiff points to the *Czekala* court's holding that where a judgment-creditor intends to sue a different defendant than the one named and served, the court does not obtain personal jurisdiction over the unintended defendant. 379 Ill. App. 3d at 743.

¶ 22     In *Czekala*, Capital One Bank filed a complaint for overdue credit card charges against "Joseph Czekala DBA SEALAND FOODS." 379 Ill. App. 3d at 738. However, the affidavit attached to the complaint designated a corporation, Sealand Foods, Inc., as the debtor. The bank served "Joseph Czekala DBA SEALAND FOODS" by substitute abode service. When no one filed an answer or appeared in court, the circuit court entered a default judgment against "Joseph Czekala, Defendant." 379 Ill. App. 3d at 738. No reference was made in the order to Sealand Foods.

¶ 23    Five years later, the bank issued a wage deduction notice and order naming Joseph Czekala, individually. Czekala filed a petition to vacate the default judgment which included an affidavit stating that Sealand Foods, Inc., had been in bankruptcy, that Czekala had believed his counsel had handled the debt collection suit against the corporation, that the credit card debt had been accrued by the corporation, and that the corporation had been dissolved. The petition to vacate the default judgment was denied as untimely filed and Czekala appealed.

¶ 24    On appeal, Czekala argued that the default judgment had been obtained against him in his personal capacity through fraud. He further argued that the judgment below was void because the circuit court had never obtained personal jurisdiction over him.

¶ 25    The appellate court found that the complaint had misnamed the business and then linked Czekala to the misnamed noncorporate business. The court held that the effect of *misnomer* is that the party called by the wrong name is still subject to the court's jurisdiction after receiving notice of the lawsuit. 379 Ill. App. 3d at 742. "On the other hand, the effect of a *mistaken identity* is that the court does not acquire personal jurisdiction over the person named by mistake but served." (Emphasis added.) 379 Ill. App. 3d at 743. The court held that this was especially true when the mistaken identity involved a nonexistent business. 379 Ill. App. 3d at 743. The record clearly indicated that the indebted holder of the credit card was the corporation, doing business on its own behalf through its president, Czekala, by obtaining and using a business credit card issued in the name of Sealand Foods, Inc. 379 Ill. App. 3d at 743.

¶ 26    Mistaken identity occurs when the wrong person is joined and served. 379 Ill. App. 3d at 743. The intent of the plaintiff is a pivotal inquiry in the determination of whether a particular case involves a misnomer or mistaken identity. 379 Ill. App. 3d at 743. However, the subjective intent of the party bringing the action as to whom it intended to serve is not controlling where the record contains objective manifestations indicating an intent to sue another. 379 Ill. App. 3d at 743. Accordingly, the court found that the objective manifestations of the bank's intent, which existed at the time the lawsuit was filed, were the most reliable indicators of the bank's intent. 379 Ill. App. 3d at 743-44. The affidavit attached to the complaint that identified the entity indebted to the plaintiff as the corporation, Sealand Foods, Inc., was the best objective evidence of the bank's intent. 379 Ill. App. 3d at 744. The creditor's admission in the affidavit that the debt belonged only to the corporation is compelling evidence of its intent to sue the business and not the individual. 379 Ill. App. 3d at 744.

¶ 27    Because summons served on a person named by mistake does not confer personal jurisdiction over that person, the default judgment entered against Czekala was void *ab initio* and the circuit court was directed to vacate the default judgment against Czekala. 379 Ill. App. 3d at 747.

¶ 28    According to the holding in *Czekala*, if indeed the plaintiff was named and served by mistake, then the circuit court had no personal jurisdiction over him and the default judgment against him is void *ab initio* and may be attacked at any time. *Res judicata* would not be a bar. However, in the case at bar we do not find any objective manifestations of the creditor's

intent to name and serve someone other than the plaintiff. Indeed, there is no evidence at all that American Express intended to sue anyone other than the plaintiff.

¶ 29    The name and address listed on the summons were that of the plaintiff. This is the address to which the credit card account was attached, and it was the address to which credit card statements were mailed. The accounts were business accounts on which both "Ron Kosydor" and HighRPMracer, Inc., were listed. In an affidavit, the plaintiff swears that he did not apply for the credit cards in his *individual* capacity; he does not deny that he applied for them jointly with, or as an agent for, the business. There is no evidence in the record that the plaintiff's father had any connection at all with HighRPMracer, Inc., or with the credit card accounts at issue. There simply is no evidence that the defendants intended to sue the plaintiff's father rather than the plaintiff himself.

¶ 30    As evidence of the defendants' intent to sue someone other than himself, the plaintiff points to the partial listing on a citation to discover assets of a social security number that he swears in an affidavit does not belong to him. In the same affidavit he asserts his belief, but not knowledge, that the social security number belongs to his father, the other Ron Kosydor. The listing of an incorrect social security number on a citation to discover assets issued months after judgment does not constitute persuasive evidence of the defendants' intent to sue someone other than the plaintiff, whose name and address matched the summons and were attached to the credit card accounts in issue.

¶ 31    The plaintiff also asserts that when he was served with summons he assumed he was being served as registered agent for HighRPMracer, Inc. We simply note that the summons was directed not to HighRPMracer, Inc., but to Ron Kosydor.

¶ 32    We find that all of the requirements for *res judicata* to apply are present here. There was a final judgment on the merits rendered by a court of competent jurisdiction, there was an identity of causes of action, and there was an identity of parties. *Rein*, 172 Ill. 2d at 335. Accordingly, the plaintiff's action against American Express is barred by principles of *res judicata*.

¶ 33    We turn now to the plaintiff's claim against the law firm. Relying on *Cripe v. Leiter*, 184 Ill. 2d 185 (1998), the circuit court dismissed the plaintiff's claim against the law firm on the ground that the Act does not apply to attorneys engaged in the practice of law. In *Cripe*, a client brought an action under the Act against her attorney's excessive billing. Our supreme court held that the Act does not apply to an attorney representing a client.

¶ 34    After discussing both Illinois and foreign case law, the supreme court concluded that "there appears to be little dispute among the decisions addressing this issue that consumer protection statutes do not apply to claims arising out of the 'actual practice of law.' " 184 Ill. 2d at 195. The question before the court was whether an attorney's billing practices are part of the "business" aspect of the practice rather than the "actual practice of law" and therefore fall within the purview of the Act. Again, the court concluded that the Act did not apply.

¶ 35    The court pointed out that historically the regulation of attorney conduct is the prerogative of the court. 184 Ill. 2d at 195. In the exercise of this power, the court administers a comprehensive regulatory scheme governing attorney conduct. 184 Ill. 2d at 195. The purpose of this regulatory scheme is to protect the public and maintain the integrity

of the legal profession. 184 Ill. 2d at 196. This regulatory scheme extends to the area of attorney fees, and an attorney who charges an excessive fee in violation of the court's rules may be subjected to discipline. 184 Ill. 2d at 196-97. The regulatory scheme also provides for the discipline of an attorney who engages in conduct involving fraud, dishonesty, deceit, or misrepresentation. 184 Ill. 2d at 197. Accordingly, the attorney-client relationship, unlike the ordinary merchant-consumer relationship, is already subject to extensive regulation by the court. 184 Ill. 2d at 197.

¶ 36    The court held that absent a clear indication by the legislature that the Act was intended to apply "to the conduct of attorneys in relation to their clients," it would not conclude that the legislature intended to regulate attorney-client relationships through the Act. 184 Ill. 2d at 197. The court stated as follows:

> "[W]e conclude that the legislature did not intend the Consumer Fraud Act to apply to regulate the conduct of attorneys in representing clients. We hold that, where allegations of misconduct arise from a defendant's conduct in his or her capacity as an attorney representing a client, the Consumer Fraud Act does not apply." 184 Ill. 2d at 199.

¶ 37    The plaintiff argues that the holding of *Cripe* is limited to actions by a client against his or her attorney, not, as in the case at bar, an action by a third party against an attorney representing a client. We do not believe the supreme court intended to so limit its holding in *Cripe*.

¶ 38    Contrary to the plaintiff's argument, the supreme court in *Cripe* was not solely interested in the attorney-client relationship, but focused on the nature of law as a business historically regulated by the Illinois Supreme Court, not the Illinois legislature. The purpose of the court's comprehensive regulatory scheme is to protect the public and maintain the integrity of the legal profession, and where an aspect of the legal profession is regulated by the supreme court, the legislature has not usurped the court's role. The court's regulatory scheme reaches beyond the attorney-client relationship itself to regulate the conduct of an attorney with a nonclient and a potential or actual adversary. Under the reasoning of *Cripe*, claims against an attorney for misconduct in representing another client while engaged in the practice of law are not allowed under the Act. See *Shalabi v. Huntington National Bank*, No. 01 C 2959, 2001 WL 777055 (N.D. Ill. July 11, 2001); *Collins v. Sparacio*, No. 03 C 0064, 2003 WL 21254256 (N.D. Ill. May 30, 2003).

¶ 39    Indeed, the holding of *Cripe* has repeatedly been extended by federal courts beyond suits by clients against their lawyers to claims against someone else's attorney. See *Grant-Hall v. Cavalry Portfolio Services, LLC*, 856 F. Supp. 2d 929, 944 (N.D. Ill. 2012). The plaintiff does not point to a single case holding otherwise, nor does he make a persuasive argument that we should hold otherwise. Accordingly, we hold, as did the circuit court, that the Act does not apply to the conduct of attorneys when representing any client in the practice of law, even against a third party.

¶ 40    For the foregoing reasons, the judgment of the circuit court of Union County dismissing with prejudice the plaintiff's complaint against all defendants is hereby affirmed.

¶ 41    Affirmed.